THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREENHOUSE CONDOMINIUM HOMEOWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHUBB CUSTOM INSURANCE COMPANY, a division of Federal Insurance Company, a New Jersey corporation, LEXINGTON INSURANCE COMPANY, a Delaware corporation, and ALLSTATE INSURANCE COMPANY, an Illinois corporation,<br><br>Defendants. | NO. CV 03-2941 L<br><br>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW<br><br>**NOTE ON MOTION CALENDAR: [FRIDAY, MARCH 26, 2004]** |

## I.  INTRODUCTION

This case involves a condominium owners association's claims for insurance coverage to repair progressive property damage. In Washington, the language of the insurance contract determines the scope of coverage. Like all other contracts, courts must enforce the insurance contract as written and may not rewrite it to reflect what the

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 1
**NO. CV 03-2941 L**

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

STANISLAW ASHBAUGH, LLP
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

insurance company, in hindsight, wished it had drafted.  In this case, one of the property insurance policies at issue contains no temporal limitation on the scope of coverage.  As such, plaintiff requests an order simply enforcing that policy to provide coverage as written.

## II.   RELIEF REQUESTED

This motion only involves one of the insurance policies issued by defendant Chubb Custom Insurance Company ("Chubb").  This motion does not seek relief as to claims against, or insurance policies issued by, defendants Allstate Insurance Company or Lexington Insurance Company.

Plaintiff Greenhouse Condominium Owners Association ("Greenhouse") requests that this Court rule as a matter of law that: (a) defendant Chubb is jointly and severally liable to Greenhouse for Greenhouse's entire, progressive property damage loss covered by Chubb's 1999 – 2000 property policy; (b) Chubb's liability under the terms of its 1999 – 2000 property policy is not limited to damage occurring during that particular policy period; and (c) it is Chubb's burden to apportion liability to other insurers, not Greenhouse's burden.

This motion does not seek to limit Chubb's right of contribution against Greenhouse's other property insurers once it indemnifies Greenhouse for loss covered under the Chubb policy.

## III.   STATEMENT OF FACTS

**A.   THE GREENHOUSE CONDOMINIUM AND ITS PROPERTY INSURERS.**

The Greenhouse Condominium is a 68-unit condominium complex located in North Seattle.  Chubb issued a commercial insurance package to Greenhouse, for the policy period spanning October 1, 1999 through October 1, 2000, which provided property

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 2
**NO. CV 03-2941 L**

STANSLAW ASHBAUGH, LLP
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

insurance and general liability insurance. It is the commercial property insurance coverage contained in the 1999 – 2000 Chubb package policy that is the subject of this motion.[1] The relevant Chubb commercial property policy is numbered 7947-58-48 DAW, but for purposes of this motion shall be referred to as "Chubb 99-00." Defendant Allstate Insurance Company insured Greenhouse under commercial property policies, with policy periods spanning 1995 – 1999. Defendant Lexington Insurance Company insured Greenhouse under a commercial property policy having a policy period from October 1, 2001 through October 1, 2002.

Greenhouse Condominium suffered from extensive rot, decay and structural framing damage. Although the damage was progressive over a period of years, Greenhouse and Chubb agree that damage occurred while Chubb 99-00 was in effect.

**B.    GREENHOUSE MAKES A PROPERTY DAMAGE CLAIM TO CHUBB.**

On December 18, 2002, Greenhouse submitted a claim to Chubb under Chubb 99-00, seeking insurance coverage for the damage to the condominium. By letter dated November 24, 2003, Chubb accepted coverage for a minor portion of Greenhouse's claim under Chubb 99-00, and denied coverage for the balance of the claim. In its November 24 letter, Chubb determined it owed 5 percent of the costs to repair the damage under the following analysis:

> Based on Chubb's investigation, we have determined that there is coverage for a portion of the insured's loss under policy no. 7947-58-48 DAW, which was in effect from October 1, 1999 to October 1, 2000.

---

[1] Chubb also insured Greenhouse for the policy period spanning October 1, 2000 through October 1, 2001. However, only the '99-'00 policy is relevant for purposes of this motion.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 3
**NO. CV 03-2941 L**

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

**STANISLAW ASHBAUGH, LLP**
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

> We [Chubb] understand that the Washington courts have endorsed an injury-in-fact trigger for first-party progressive property loss claims such as this one. Therefore, and assuming no applicable exclusions or defenses, Chubb is responsible only for the damage that actually occurred during the October 1, 1999 to October 1, 2000 policy period.

(Exhibit A to the Declaration of Gregory L. Harper.)

Chubb's determination that it only owed 5 percent of the total covered damage was based upon work performed by Exponent Failure Analysis Associates ("Exponent"), an engineering firm retained by Chubb. In this regard, a November 12, 2003 report authored by Exponent concluded:

> [Exponent] was asked to estimate the percentage of overall water damage that occurred during the reported policy period of October 1, 1999, to September 30, 2000.
>
> . . .
>
> In summary, we estimate that at most 5 percent of the overall deterioration from 1979 to 2002 occurred during the policy period of interest.

(Exh. B to Harper Decl.)

**C.   THE TERMS OF CHUBB 99-00's COMMERCIAL PROPERTY COVERAGE.**

Chubb 99-00 promised to indemnify Greenhouse for covered losses. Specifically, the coverage grant contained in the commercial property coverage of Chubb 99-00 states:

> We will pay for loss you incur for each Subject of Insurance only when a Limit of Insurance is stated in the Declarations. The loss must occur at the premises stated in the Declarations, unless otherwise stated, and result from direct physical loss or damage by a Covered Cause of Loss.
>
> The most we will pay for loss or damage in any one occurrence is the amount of loss, not to exceed the Limits of Insurance stated in the Declarations.

(Commercial Property Insurance, Form 40-02-1100A (Rev. 5-86)); (Exh. C to Harper Decl.)

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 4
**NO. CV 03-2941 L**

STANISLAW ASHBAUGH, LLP
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

This coverage grant is repeated in another form comprising the commercial property coverage of Chubb 99-00:

> We will pay for direct physical loss or damage to each Subject of Insurance except as stated in Limitations or Exclusions.

(Commercial Property/Business Income Covered Causes of Loss, Form 40-02-1400-B (Rev. 7-87)); (Exh. D to Harper Decl.)

**D.   THE TERMS OF THE LIABILITY COVERAGE CONTAINED IN CHUBB'S 1999 - 2000 PACKAGE POLICY.**

Unlike the language of the commercial <u>property</u> coverage contained in Chubb 99-00, the language of the <u>liability</u> insurance coverage forming part of Chubb 99-00 expressly limits the scope of coverage to damage occurring during the policy period:

> We will pay damages the insured becomes legally obligated to pay by reason of liability imposed by law or assumed under an insured contract because of:
>
> > bodily injury or property damage caused by an occurrence; or
> > personal injury or advertising injury
>
> to which this insurance applies.
>
> This insurance applies:
>
> > 1. to bodily injury or property damage *which occurs **during the policy period***; and
> >
> > 2. to personal injury or advertising injury *only if caused by an offense committed **during the policy period***.

(Commercial General Liability Insurance, Form 40-02-2000-B (Rev. 7-87) (emphasis added)); (Exh. E to Harper Decl.)

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 5
**NO. CV 03-2941 L**

STANISLAW ASHBAUGH, LLP
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

### E. THE TERMS OF THE ALLSTATE AND LEXINGTON COMMERCIAL PROPERTY POLICIES.

Allstate and Lexington insured Greenhouse in policy periods prior to and after Chubb, respectively. In contrast to the terms of Chubb 99-00, the terms of the Allstate and Lexington insurance contracts limit coverage to damage commencing during the respective policy periods.

Specifically, the Allstate Commercial Property insurance policy insuring Greenhouse contained the following coverage grant:

> We will pay for direct physical loss of or damage to covered property at the premises described in the Declarations of this Coverage Part caused by or resulting from any Covered Cause of Loss.

(Building and Personal Property Coverage Form (Special), BU9402A (Ed. 8-89)); (Exh. F to Harper Decl.)

> Under this Coverage Part:
>
> 1. We cover loss or damage *commencing*:
>
>    a. **During the policy period** shown in the Declarations . . . .

(Commercial Property Conditions, Form BU9508 (Ed. 8-89)) (emphasis added)); (Exh. F to Harper Decl.)

Similarly, the Lexington Commercial Property insurance policy insuring Greenhouse contained the following coverage grant:

> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

(Building and Personal Property Coverage Form, CP0010(Ed.07/88)); (Exh. G to Harper Decl.)

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 6
**NO. CV 03-2941 L**

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

STANISLAW ASHBAUGH, LLP
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

Under this Coverage Part:

1. We cover loss or damage *commencing*:

   a. **During the policy period** shown in the Declarations . . . .

(Commercial Property Conditions, CP0090(Ed.07/88)) (emphasis added)); (Exh. G to Harper Decl.)

## F. GREENHOUSE AND CHUBB AGREE THAT DAMAGE OCCURRED DURING THE PERIOD CHUBB 99-00 WAS IN EFFECT.

As admitted by Chubb in its November 24, 2003 letter, and as established by the accompanying declaration of Gary Swenson, P.E., Greenhouse and Chubb agree that covered property damage occurred during the period Chubb 99-00 was in effect, i.e. between October 1, 1999 and October 1, 2000. Under established Washington law, and under the express terms of Chubb 99-00, the occurrence of progressive damage during the period Chubb 99-00 was in effect triggers coverage for Greenhouse's entire, covered loss. Accordingly, Chubb 99-00 is jointly and severally liable for plaintiff's entire, covered loss and Chubb is precluded from asserting the defenses that: (1) its liability for the progressive damage at the Greenhouse Condominium is limited to the amount of damage occurring between October 1, 1999 and October 1, 2000; and (2) damage must be apportioned as between Chubb 99-00 and Greenhouse's other property insurers.

## IV. STATEMENT OF ISSUE

Whether the terms of Chubb 99-00 require Chubb to be jointly and severally liable for Greenhouse's entire progressive property damage loss covered by that policy.

## V. EVIDENCE RELIED UPON

The Declaration of Gregory L. Harper, with attached Exhibits A through H; and

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 7
**NO. CV 03-2941 L**

STANISLAW ASHBAUGH, LLP
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

The Declaration of Gary M. Swenson, P.E.

## VI.   ARGUMENT

**A.   SUMMARY JUDGMENT STANDARDS AND THE STANDARDS APPLICABLE TO INTERPRETING CONTRACTS OF INSURANCE.**

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).

The interpretation of an insurance policy is a question of law. McDonald v. State Farm Fire & Cas. Co., 119 Wn.2d 724, 730, 837 P.2d 1000 (1992). In determining whether coverage exists, the insured has the burden of proving that the losses fall within the scope of the policy's coverage grant. Id. To avoid coverage, the insurer has the burden of proving that the loss is excluded by specific policy language. Id. at 731.

In first-party cases, Washington courts emphasize "close scrutiny and interpretation of policy contract language." Ellis Court Apts. Ltd. Partnership v. State Farm Fire and Casualty Company, 117 Wn. App. 807, 814, 72 P.3d 1086 (2003). In this regard, Washington courts utilize the following criteria when interpreting insurance contracts:

> In Washington, insurance policies are construed as contracts. An insurance policy is construed as a whole, with the policy being given a "fair, reasonable and sensible construction as would be given to the contract by the average person purchasing insurance." If the language is clear and unambiguous, the court must enforce it as written and may not modify it or create ambiguity where none exists. If the clause is ambiguous, however, extrinsic evidence of intent of the parties may be relied upon to resolve the ambiguity. Any ambiguities remaining after examining applicable extrinsic evidence are resolved against the drafter-insurer and in favor of the insured. A clause is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 8
**NO. CV 03-2941 L**

**STANISLAW ASHBAUGH, LLP**
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

1   Id. (citing Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wn.2d 654, 665-66, 15
2   P.3d 115 (2000)).

3   Washington courts read insurance policies as the lay purchaser of insurance would
4   understand them. Zinn v. Equitable Life Ins. Co. of Iowa, 6 Wn.2d 379, 384, 107 P.2d 921
5   (1940). The intent of Washington insurance law "is to encourage insurance companies to
6   plainly write their coverage so laypersons can understand it." Commonwealth Ins. Co. of
7   America v. Grays Harbor County, (No. 28922-9-II, 2004 Wash. App. LEXIS 248 at *9)
8   (referencing Kunin v. Benefit Tr. Life Ins. Co., 910 F.2d 534, 540 (9th Cir. 1990) ("[T]he
9   insurer should be expected to set forth any limitations on its liability clearly enough for a
10  common layperson to understand.")).

11  **B.    COVERAGE UNDER CHUBB 99-00 WAS TRIGGERED.**

12  It is undisputed that covered damage occurred during the period Chubb 99-00 was
13  in effect. As disclosed in Chubb's November 24, 2003 letter, Exponent, Chubb's
14  engineering expert, concluded that covered damage occurred during the period Chubb 99-
15  00 was in effect. Gary Swenson, Greenhouse's expert, agrees that property damage
16  occurred during the period of time Chubb 99-00 was in effect. (*See* Swenson Decl. at ¶13.)

17  In Washington, actual loss, even minute loss, triggers coverage under a first-party
18  property policy. In Villella v. Public Employees Mut. Ins. Co., 106 Wn.2d 806, 725 P.2d 957
19  (1986), the issue was whether an 8-inch subsidence of a house foundation was covered
20  under a policy that expired more than a year earlier. The insured homeowner argued that
21  because the negligence causing the subsidence occurred during the policy period, there
22  was coverage, even though the actual subsidence occurred after the policy had expired.
23  The Washington Supreme Court rejected this argument, and required some damage – as

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM
INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 9
**NO. CV 03-2941 L**

**STANISLAW ASHBAUGH, LLP**
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

1  opposed to causation – occur during the policy period. Id. at 811-14. Villella thus
2  established the rule in Washington that any actual loss during the policy period, "however
3  minute," will trigger coverage under a property policy. Id. at 814; *see also* Fujii v. State
4  Farm Fire & Casualty, 71 Wn. App. 248, 857 P.2d 1051 (1993), *review denied*, 123 Wn.2d
5  1009 (1994) (physical damage to dwelling during policy period required to trigger
6  coverage); Pederson's Fryer Farms v. Transamerica Ins. Co., 83 Wn. App. 432, 443-44,
7  922 P.2d 126 (1996), *review denied*, 131 Wn.2d 1010 (1997) ("Compensable damage
8  occurring during the policy period 'triggers' an insurer's obligation to pay"); Transcontinental
9  Ins. Co. v. Washington Public Utilities Districts' Utility System, 111 Wn.2d 452, 465, 760
10 P.2d 337 (1988) (the time of an occurrence for insurance coverage purposes is determined
11 by when damages or injuries take place).

12 The record is undisputed that actual, covered loss took place at the Greenhouse
13 Condominium during the period Chubb 99-00 was in effect. As such, there is no dispute
14 that coverage under Chubb 99-00 was triggered and Greenhouse has met its initial burden
15 of proving that its loss falls within the scope of Chubb 99-00's coverage grant. The
16 remaining question addressed by this motion is *the extent* of Chubb's indemnification
17 obligation under the terms of Chubb 99-00.

18 **C.  BY ITS TERMS, CHUBB 99-00, THE POLICY THAT INSURED GREENHOUSE
       DURING THE OCCURRENCE OF PROGRESSIVE DAMAGE, IS JOINTLY AND
19     SEVERALLY LIABLE FOR GREENHOUSE'S ENTIRE COVERED LOSS.**

20 The commercial *property* coverage part of Chubb 99-00 contains no language or
21 condition limiting the scope of its coverage to damage that occurs only during its policy
22 period. On the other hand, the commercial *liability* coverage form that is part of Chubb's
23 1999 – 2000 package policy does contain such a limitation, e.g. "This insurance applies to

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM
INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 10
**NO. CV 03-2941 L**

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

**STANISLAW ASHBAUGH, LLP**
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

1  bodily injury or property damage *which occurs **during** the policy period . . . .*" Similarly, the

2  "Conditions" sections of the Allstate and Lexington property policies covering Greenhouse

3  state, "*We cover loss or damage commencing **during** the policy period shown in the*

4  *Declarations.*"

5  Insurance policies are construed as a whole and are interpreted as contracts, with

6  "close scrutiny" and "interpretation" being given to "policy contract language." Ellis Court,

7  117 Wn. App. at 814.  "It is elementary law, universally accepted, that the courts do not

8  have the power, under the guise of interpretation, to rewrite contracts which the parties

9  have deliberately made for themselves." Panorama Village Condo. Owners Ass'n v.

10 Allstate Ins. Co., 144 Wn.2d 130, 137, 26 P.3d 910 (2001).  "The [insurance] industry

11 knows how to protect itself and it knows how to write exclusions and conditions."

12 Panorama Village Condo. Owners Ass'n v. Allstate Ins. Co., 144 Wn.2d 130, 141, 26 P.3d

13 910 (2001) (citing Boeing Co. v. Aetna Cas. & Sur. Co., 113 Wn.2d 869, 887, 784 P.2d 507

14 (1990)).

15 If Chubb's intent was to only cover damage occurring within the period Chubb 99-00

16 was in effect it was fully capable of drafting language effectuating that intent.  Chubb failed

17 to include such language in Chubb 99-00 and it is not within the province of this Court to

18 rewrite Chubb 99-00 to say what Chubb now wishes it had said.  *See* Panorama Village,

19 144 Wn.2d at 141 ("If Allstate intends "hidden" to mean "unknown," it must say so.");

20 Commonwealth Ins. Co. of America v. Grays Harbor County, (No. 28922-9-II, 2004 Wash.

21 App. LEXIS 248 at *13 - *14) ("Commonwealth drafted the policy language.  And they wrote

22 coverage in broad terms . . . .  Commonwealth could have limited coverage . . . .  It did

23 not.")

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 11
**NO. CV 03-2941 L**

**STANISLAW ASHBAUGH, LLP**
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

Chubb, a sophisticated insurance company, certainly knew how to limit its coverage to damage occurring during a particular policy period, as that is exactly what it did with respect to its commercial general liability coverage.  Allstate and Lexington effectively limited their coverage to loss commencing **during** their respective policy periods through the language contained in their property policies covering Greenhouse.  Under established Washington law, this Court cannot rewrite Chubb 99-00 to limit its coverage to damage occurring between October 1, 1999 and October 1, 2000.

**D.     THE EFFECT OF CHUBB 99-00's LANGUAGE IS THAT CHUBB IS JOINTLY AND SEVERALLY LIABLE FOR GREENHOUSE'S ENTIRE, PROGRESSIVE PROPERTY DAMAGE LOSS.**

In cases involving progressive property damage losses, Washington law holds that insurers on the risk during the time of progressive damage are jointly and severally liable for the policyholder's entire loss.  *See* Alcoa v. Aetna Cas. & Sur. Co., 140 Wn.2d 517, 998 P.2d 856 (2000); American Nat'l Fire Ins. Co. v. B&L Trucking & Construction Co., Inc., 134 Wn.2d 413, 424, 951 P.2d 250 (1998); Villella v. Public Employees Mut. Ins. Co., 106 Wn.2d 806, 811-14, 725 P.2d 957 (1986); Groul Const. Co. v. Ins. Co. of N. America, 11 Wn. App. 632, 635-38, 524 P.2d 427 (1975), *review denied*, 84 Wn.2d 1014 (1974).  In Gruol, Gruol built an apartment building.  In January 1964, Gruol sold the apartment building to Donovan.  In 1968, Donovan sued Gruol for dry rot damage to the building caused by improper backfilling during construction.

Safeco insured Gruol from 1962-1965.  INA insured Gruol from 1965-1966.  Northwestern Mutual insured Gruol from 1966-1968.  The trial court found the three carriers jointly and severally liable for the settlement Gruol entered into with the plaintiff.  The insurers appealed.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 12
**NO. CV 03-2941 L**

**STANISLAW ASHBAUGH, LLP**
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

The relevant issue on appeal was:

> which insurer covered the damage – the insurer at the time of the defective backfilling, at the time of the discovery of the dry rot, or all insurers providing coverage during the total time period of the undiscovered condition which progressively worsened.

Gruol v. Ins. Co. of North America, 11 Wn. App. 632, 635, 524 P.2d 427 (1974).

The Gruol court held that insurers are jointly and severally liable for all continuous and progressive damage "even though the initial negligent act (the defective backfilling) took place within the period of Safeco's policy coverage." Id. at 636. In so holding, the Gruol court recognized that "the damage, though continuing over a period of time, constituted a single injury." Id. at 637-38. Accordingly, in Washington "**all insurers on the risk during the time of ongoing damage have a joint and several obligation to provide full coverage for all damages**." American Nat. Fire Ins. Co. v. B&L Trucking & Constr. Co., 134 Wn.2d 413, 424, 951 P.2d 250 (1998) (emphasis added) (explaining and agreeing with the holding in Gruol); *see also* Villella v. Public Employees Mut. Ins. Co., 106 Wn.2d 806, 725 P.2d 957 (1986) (holding that when damage is continuous in nature, all triggered policies provide full coverage). The court went on to note that the burden of apportioning liability rests with the insurers. Gruol, 11 Wn. App. at 637.

If Chubb wished to limit its liability through a pro rata allocation of damages once its policy was triggered, Chubb could have included that language in the policy. *See* Monsanto Co. v. C. E. Heath Compensation & Liab. Ins. Co., 652 A.2d 30, 35 (Del. 1994) ("The majority of courts have held that without a pro rata clause in the policies, the insurance companies cannot limit their obligations to a pro rata share or portion of [the insured's] liabilities"); B&L Trucking, 134 Wn.2d at 430 ("Further, because insurance

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 13
**NO. CV 03-2941 L**

**STANISLAW ASHBAUGH, LLP**
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

1  policies are considered contracts, the policy language, and not public policy, controls.  *We
2  will not add language to the policy that the insurer did not include.*") (emphasis added).  In
3  Chubb 99-00, there is no such limiting language.  The average person purchasing
4  insurance would construe the policy language to provide indemnity for all loss once the
5  policy was triggered.

6  Finally, in Alcoa v. Aetna Cas. & Sur. Co., 140 Wn.2d 517, 998 P.2d 856 (2000),
7  first-party property insurers denied coverage to the insured for environmental cleanup
8  costs.  The trial court found coverage and allocated the amounts each insurer was required
9  to pay.  In reversing the trial court's allocation decision, the Washington Supreme Court
10 adopted the reasoning from B&L Trucking when it stated that "[i]t is the policy language that
11 determines the scope of coverage."  Id. at 567.  The Court went on to hold that "[t]he policy
12 language here does not provide for any limitations to the scope of damages."  Id. (citing
13 B&L Trucking, 134 Wn.2d 413).  Accordingly, the court held that "the trial court erred in its
14 decision to prorate coverage according to the years the various . . . policies were in force."
15 Id. at 568.

16 Here, Chubb issued a commercial property policy to Greenhouse for the period of
17 October 1, 1999 through October 1, 2000.  Under Alcoa, the plain language of Chubb 99-
18 00 determines the scope of coverage owed by Chubb to Greenhouse.  It is undisputed that
19 the Greenhouse Condominium suffered damage covered by Chubb 99-00.  (*See*
20 accompanying Swenson declaration; see also Exhs. A & B to Harper Decl.)  Just like the
21 policies at issue in B&L Trucking and in Alcoa, the property coverage form contained in
22 Chubb 99-00 does not limit the scope of coverage for this loss through a pro rata allocation
23 or through any other means.  (*See* Exhs. C & D to Harper Decl.)  Further, under Gruol, the

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM
INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 14
**NO. CV 03-2941 L**

**STANISLAW ASHBAUGH, LLP**
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

1  burden of apportioning damage between separate policies is on the insurers, not on
2  Greenhouse. Accordingly, under established Washington law, Chubb 99-00 is jointly and
3  severally liable for the full amount of Greenhouse's covered loss without limitation by
4  allocation to Greenhouse's other property insurers.

5  In response to this motion, it is likely that Chubb will misguidedly argue that
6  Washington law only requires property insurers to pay for covered damage that occurs
7  during a particular policy period under the "injury in fact" trigger of insurance coverage. To
8  that end, Chubb may attempt to rely on <u>Mercer Place Condominium Ass'n v. State Farm
9  Fire & Casualty Comp.</u>, 104 Wn. App. 597, 17 P.3d 626 (2000), for that proposition. As
10  discussed below, <u>Mercer Place</u> does not establish "injury in fact" as the *de jure* trigger of
11  coverage in Washington. More correctly, <u>Mercer Place</u> stands for the proposition that
12  under the *express terms of the State Farm policy at issue in that case*, State Farm was only
13  obligated to pay for damage that commenced during the policy period.

14  Specifically, in <u>Mercer Place</u>, a condominium submitted a claim for collapse damage
15  to its property insurer, State Farm. The issue on appeal was whether coverage under the
16  State Farm policy at issue was limited to damage that occurred during the policy period. In
17  answering this question in the affirmative, the <u>Mercer Place</u> court specifically relied on the
18  language of the "Policy Period" clause in the Conditions section of the Policy, which stated
19  "that State Farm covers loss 'commencing during the policy period.'" <u>Id.</u> at 603.

20  The <u>Mercer Place</u> court held that *under the contract language of the State Farm*
21  *policy at issue in that case,* State Farm was only obligated to pay for damage that
22  commenced during the policy period. <u>Mercer Place</u>, 104 Wn. App. at 603-05. Unlike the
23  State Farm policy at issue in <u>Mercer Place</u>, Chubb 99-00 contains no such limiting

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM
INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 15
**NO. CV 03-2941 L**

**STANISLAW ASHBAUGH, LLP**
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

language.[2]  Under the rules of insurance policy interpretation set forth above, Chubb is obligated to pay for Greenhouse's entire loss covered by its policy, and is precluded from placing the burden on Greenhouse to apportion or allocate liability to any other prior or subsequent property insurers of the Greenhouse Condominium.  To the extent Chubb has a right of contribution against Greenhouse's other property insurers, Chubb is free to pursue those rights once it has indemnified Greenhouse for its entire covered loss.  In that regard, under Gruol, Chubb has the burden of apportioning liability to other insurers.

## VII.  CONCLUSION

For the foregoing reasons, it is proper for this Court to grant Greenhouse's requested relief.

## VIII.  PROPOSED ORDER

A proposed order granting the requested relief is submitted herewith.

DATED this _____ day of _____, 2004.

STANISLAW ASHBAUGH, LLP


By  *Gregory L. Harper*
   Gregory L. Harper, WSBA# 27311
   Attorneys for Plaintiff

---

[2] In Regence Blueshield v. Philip Morris, Inc., 40 F. Supp.2d 1179, 1182 (W.D. Wa. 1999), Judge Rothstein held:

> While the unpublished decisions in these cases cannot be cited as precedent and they are not binding on this court, they are exactly on point and, therefore, highly persuasive.  Thus, the court will look to the decisions of its fellow district judges for guidance.

Such guidance is provided by Judge Zilly in the case of Parkridge Assoc. Ltd. v. West American Ins. Co., (C01-372Z W.D. Wa. 2001).  In Parkridge, Judge Zilly ruled that a first-party property insurer responding to a property damage claim was jointly and severally liable for the accumulation of property damage culminating in a covered loss during the period West American's policy was in effect.  In so ruling, Judge Zilly distinguished Mercer Place, because in that case State Farm's "policy had not been triggered." (Exh. H to Harper Decl.; Order Granting Parkridge's PSJ at pp.7-8).

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 16
**NO. CV 03-2941 L**

STANISLAW ASHBAUGH, LLP
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| GREENHOUSE CONDOMINIUM HOMEOWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHUBB CUSTOM INSURANCE COMPANY, a division of Federal Insurance Company, a New Jersey corporation, and LEXINGTON INSURANCE COMPANY, a Delaware corporation, ALLSTATE INSURANCE COMPANY, an Illinois corporation,<br><br>Defendants. | NO.   CV 03-2941 L<br><br>PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY, POLICY NUMBER 7947-58-48 DAW |

THIS MATTER, having come on regularly before the undersigned judge of the above-entitled court, and the Court having duly considered oral argument of counsel, if any, and the following submissions of counsel:

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 17
**NO. CV 03-2941 L**

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

**STANISLAW ASHBAUGH, LLP**
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

1. Plaintiffs' Motion For Partial Summary Judgment Re: Joint and Several Liability Of Defendant Chubb Custom Insurance Company, Policy Number 7947-58-48 DAW;

2. Declaration of Gregory L. Harper with attached exhibits A-H;

3. Declaration of Gary M. Swenson, P.E.;

4. _____ ;

5. _____ ; and

6. _____ .

and being otherwise duly advised as to the premises, this Court hereby

ORDERS, ADJUDGES and DECREES that Plaintiff's Motion For Partial Summary Judgment Re: Joint and Several Liability Of Defendant Chubb Custom Insurance Company, Policy Number 7947-58-48 DAW is hereby GRANTED.

Specifically, Chubb Custom Insurance Company, Policy Number 7947-58-48 DAW is, by its terms, jointly and severally liable for Plaintiff's entire covered loss. As such:

(1) Chubb is precluded from arguing that its liability for the progressive damage occurring at Greenhouse Condominiums is limited to the amount of damage occurring between October 1, 1999 and October 1, 2000, the policy period of Policy Number 7947-58-48 DAW; and

(2) The burden of apportioning damages to other property insurers is on Chubb, not Greenhouse.

///
///
///

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 18
**NO. CV 03-2941 L**

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

**STANISLAW ASHBAUGH, LLP**
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400

To the extent Chubb has rights of contribution against other of Greenhouse's property insurers, Chubb is free to pursue those rights once it has indemnified Greenhouse for its entire loss covered under Policy Number 7947-58-48 DAW.

DONE IN OPEN COURT this _____ day of _____, 2004.

_____
JUDGE ROBERT S. LASNIK

Presented by,

STANISLAW ASHBAUGH, LLP

By_____
   Gregory L. Harper, WSBA# 27311
   Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: JOINT AND SEVERAL LIABILITY OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY POLICY NUMBER 7947-58-48 DAW - 19
**NO. CV 03-2941 L**

x:\client\27511\6768\pleadings\summary judgments\pldchubb99-00jsl&order.doc

**STANISLAW ASHBAUGH, LLP**
LAWYERS
701 Fifth Avenue, Suite 4400
Seattle WA 98104-7012
(206) 386-5900 Fax (206) 344-7400